UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
SEP 30 2009
CLERK

******************************************************

| | |
|---|---|
| GAIL CLIFFORD, M.D., | CIV 09-4017 |
| Plaintiff, | |
| -vs- | ORDER GRANTING MOTION TO AMEND COMPLAINT |
| SANFORD CLINIC, f/k/a SIOUX VALLEY CLINIC, a South Dakota Corporation, and SANFORD HEALTH, a South Dakota Corporation, and PAUL KENNETH ASPAAS, M.D., | |
| Defendants. | |

******************************************************

Pending before the Court in this action brought under the Americans with Disabilities Act is Plaintiff's Motion to Amend Complaint, doc. 28,. Defendants have not resisted the motion.

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED.R.CIV.P. 15(a). The Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th

Cir.1998) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff filed this motion to amend prior to the Court's deadline to join additional parties and amend the pleadings. Defendants have not responded or indicated that they would be prejudiced by the amendment.

According to Plaintiff, Sanford Health is the umbrella corporation of which Sanford Clinic and Sanford Medical Center are subsidiaries. One of Plaintiff's claims is that Defendants retaliated against Plaintiff by interfering with her attempts to gain future employment and to become licensed and gain physician privileges in other places. Plaintiff has determined that Sanford Medical Center should be named as a defendant for this claim. The Court finds that leave should be granted for the amendment. Accordingly,

IT IS ORDERED:

1. That the Motion to Amend Complaint, doc. 28, is granted.

2. That Plaintiff shall filed the Amended Complaint with the Clerk without highlighting or redlining within 5 business days.

3. That the caption of this case shall be amended as follows:

GAIL CLIFFORD, M.D.,

                Plaintiff,

-vs-

SANFORD CLINIC, f/k/a SIOUX
VALLEY CLINIC, a South Dakota
Corporation, SANFORD HEALTH, a
South Dakota Corporation, SANFORD
MEDICAL CENTER d/b/a/
SANFORD USD MEDICAL
CENTER, a South Dakota Corporation,
and PAUL KENNETH ASPAAS, M.D.,

                Defendants.

Dated this 30th day of September, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
   (SEAL)      DEPUTY