UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GAIL CLIFFORD, M.D., | \* | CIV. 09-4017 |
| Plaintiff, | \* | |
| | \* | OPINION AND ORDER |
| -vs- | \* | ON MOTIONS |
| SANFORD CLINIC, f/k/a Sioux Valley Clinic, a South Dakota Corporation; SANFORD HEALTH, a South Dakota Corporation; and PAUL KENNETH ASPAAS, M.D., | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are motions to compel a response to a subpoena (Doc. 25) and to quash a subpoena (Doc. 20).

## BACKGROUND

Plaintiff Gail Clifford was an employee of defendant Sanford. On July 18, 2005, she was injured on the job. She filed a claim for worker's compensation benefits (Doc. 22, Part 1). Initially benefits were paid, but denied after April 30, 2008. Sanford is self insured. Risk Administration Services (RAS) administered plaintiff's claim. On January 11, 2008, plaintiff was terminated by Sanford. On February 17, 2009, plaintiff filed her complaint against Sanford and Paul Kenneth Aspaas alleging her termination was contrary to the Americans with Disabilities Act (ADA). On July 23, 2009, in connection with her ADA lawsuit plaintiff issued a subpoena (Doc. 23) directing RAS to produce her worker's compensation claim file. RAS objected to the subpoena (Doc. 22). Sanford and Aspaas moved to quash the subpoena (Doc. 20). Clifford moved to compel RAS to

respond to the subpoena (Doc. 25).[1]

## DISCUSSION

Clifford argues the information in the worker's compensation file is important because Sanford/Aspaas have contended during the administrative phase of the ADA claim that they were not aware of the permanency or long term nature of Clifford's condition while she was treating her job related injury. Clifford asserts Sanford's knowledge about the subject would be revealed the worker's compensation file.

RAS argues the worker's compensation file is protected from discovery by the attorney-client privilege because on February 26, 2007, Sanford and RAS retained counsel during the administration of the worker's compensation claim. RAS also argues the worker's compensation file was prepared in anticipation of litigation and is protected from discovery by the work product doctrine, and that there is a pending worker's compensation claim in which Clifford is the claimant and Sanford and RAS are the respondents. RAS asserts the worker's compensation file is not relevant, and that the subpoena subjects them to an undue burden.

Sanford and Aspaas join the arguments of RAS and particularly argue the worker's compensation file is protected from discovery by the attorney-client privilege because Sanford and RAS retained counsel during the administration of the worker's compensation claim. Sanford asserts the same documents have already been furnished to Clifford in response to discovery requests for the very same documents which were subpoenaed from RAS, minus the privileged

---

[1]Clifford is the claiming party in both the worker's compensation claim and the ADA lawsuit. She is represented in each case by different lawyers.
RAS, Sanford, and Aspaas are represented by the same law firm in both the worker's compensation claim and the ADA lawsuit.

2

documents.

Federal Rule of Civil Procedure 45(c)(3) addresses quashing or modifying a subpoena. Particularly, Rule 45(c)(3)(A)(iii) and (iv) provide a subpoena must be quashed or modified if there is a timely motion and the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 26(b)(3)(A) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.) But, subject to Rule 26(b)(4) those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

There is abundant case authority in the Eighth Circuit which considers Rule 26(b)(3)(A) and the production of materials alleged to be prepared in anticipation of trial. A few are:

- *Pepsico, Inc., v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813 (8th Cir. 2002).

"The Supreme Court has directed that courts must narrowly construe privileges, and statutes creating them, and must avoid suppressing probative evidence." *Pepsico* at 816 (internal citation omitted). In the Eighth Circuit federal law governs work product claims. *Id.* at 817. "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation." *Id.* "Work product is not discoverable unless the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means. *See* Fed.R.Civ.P. 26(b)(3)." *Id.*

- *Shannon v. Koehler,* 257 F.R.D. 519 (N.D. Ia. 2009).

A memorandum prepared by a police sergeant directed to the police chief about a week after suit was filed against the city was prepared in anticipation of trial and protected from discovery by Rule 26(b)(3)(A). *Id.* at 520-521.

- *Thiele Dairy, LLC v. Earthsoils, Inc.,* 2008 WL 2309454 (D.Neb).

Documents and opinions of two agronomists related to an investigation conducted by them on behalf of an insurance company were not protected by work product (1) because litigation had not been commenced when they began their work and no insurance claim had been denied; (2) because hiring the agronomists was necessary to better understand the claim; (3) because "there is no Eighth Circuit precedent for the proposition (implicit in the defense argument) that every time an insurance company diligently examines a claim that litigation might be in sight;" and (4) because "the unadorned statement by the insurance company supervisor that the consultants were both retained in anticipation of litigation without supporting facts about which the supervisor had personal knowledge is no more than an invitation to take the claims guy at his word." *Id.* at *1. Work product does not protect from discovery documents and opinions prepared or expressed before litigation was commenced or the claim was denied, but does protect them from discovery after litigation was commenced or the claim was denied. *Id*. at *2.

- *Schipp v General Motors Corporation,* 457 F.Supp.2d 917 (E.D. Ark. 2006).

Defendant sought statements and documents from the insurance investigation file of an adverse party following an auto accident causing death. The adverse party was obviously at fault for having crossed the median. The statement of the adverse party was protected. *Id.* at 923. The insurance file was protected. *Id.* at 924. The verbatim statements of non-parties were not protected

from discovery by either attorney-client privilege or work product doctrine. *Id.* Under the circumstances of this auto accident "[a] reasonable person would expect litigation to ensue" as of the night of the accident. *Id.* at 923.

- *Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation v. Monsanto Co.,* 2007 WL 2030243 (E.D. Mo.).

A non-party worker's compensation insurer moved to quash a subpoena served upon it. The subpoena was quashed. The party issuing the subpoena did not oppose the motion. The insurer's unopposed argument that the file was protected by the work product doctrine was accepted.

In addition there is a pertinent case from Southern District of Florida:

- *Ayala v. American Security Ins. Co., 2009 WL 1873645 (S.D.Fla).*

Plaintiff sought the entire claim file. Citing 26(b)(3)(A) the court granted plaintiff's motion to compel discovery of the file before a certain date when the claims file became protected by the attorney-client privilege and denied the motion for entries after that date.

Sanford as a self insurer and its claims administrator are considered here the same as an insurer. While plaintiff is the same person in both the ADA lawsuit and in the worker's compensation claim, and while Sanford is self insured for the worker's compensation claim so that Sanford is the defendant in both the ADA lawsuit and the worker's compensation claim, and while the same law firm represents Sanford in both the ADA lawsuit and the worker's compensation claim, the legal principles which govern this discovery dispute remain the same, i.e. the ADA lawsuit and the worker's compensation claim are separate, independent matters and the parties are treated separately in each matter despite the overlap. RAS is does not have standing to argue the documents subject to the subpoena are not relevant to the ADA lawsuit. Sanford does not have standing to

argue the RAS worker's compensation documents have otherwise been furnished during discovery in the ADA lawsuit.

This discovery dispute is governed by Fed.R.Civ.P. 45(c)(3), 26(b)(1), and 26(b)(3)(A). Under Rule 45(c)(3)(A) the court must quash or modify a subpoena which requires disclosure of privileged or other protected matter, if no exception or waiver applies. Under Rule 26(b)(1) parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Under Rule 26(b)(3)(A) a party may not discover matters prepared in anticipation of litigation or trial. The restriction against discovery of matters prepared in anticipation of litigation or trial includes matters prepared by an attorney, consultant, surety, indemnitor, insurer, or agent. The party asserting the privilege or protection carries the burden to establish that the disputed matter is privileged or protected. Here it is undisputed that counsel was retained in the worker's compensation matter on February 26, 2007. Before that date no litigation was commenced in the worker's compensation matter (or in the ADA matter). Before that date no claim was denied in the worker's compensation matter (or in the ADA matter). It is determined the date counsel was retained is the date when litigation was anticipated. Sanford represented that it has already furnished the parts of the worker's compensation claim file which are not attorney-client or work product matters. Plaintiff has not established a need for the materials post-dating February 26, 2007, nor that the substantially equivalent materials cannot be obtained through other means.

It is ORDERED that the motions to quash and compel (Docs. 20 & 25) are GRANTED in part and DENIED in part as follows:

RAS shall comply with the subpoena not later than November 16, 2009, by furnishing materials dated or created before February 26, 2007. Plaintiff is not entitled to discover matters

6

dated or created after that date.

    Dated November 5, 2009.

                                          BY THE COURT:

                                          s/John E. Simko
                                          _____
                                          John E. Simko
                                          United States Magistrate Judge